OPINION OF THE COURT
Harold Tompkins, J.
Planned Consumer Marketing, Inc. seeks an order permitting release of a portion of restrained funds.
There is no dispute concerning the validity or accuracy of the restraining notice served pursuant to CPLR 5222. The sole issue is the proper amount of the funds that is subject to the restraining notice.
CPLR 5222 (b) provides that a restraining notice is effective to secure twice the amount due upon the judgment. The purpose of securing twice the amount due upon the judgment is to ensure payment of costs and interest in addition to the *957 balance outstanding on the judgment (Aspen Indus. v Marine Midland Bank, 52 NY2d 575 [1981]). The judgment creditor, Coats & Clark, Inc., contends that the amount subject to the restraining notice should be double the amount currently due on the judgment. The statute provides the amount due on the judgment is measured as of the time the restraining notice is served (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:4, at 187-188). The funds in excess of this amount are not necessary to secure the judgment and a garnishee may dispose of them without regard to the restraining notice (Aspen Indus. v Marine Midland Bank, supra, at 580). This accomplishes the statutory goal of securing the judgment while imposing a relatively minor restraint on the party served with the notice. The court notes that CPLR 5222 (c) provides a means for the judgment creditor to seek leave of the court to serve a new restraining notice on the same person with respect to the same judgment.
In this case, the restraining notice was served on November 23, 1981. The amount then due was $74,696.14. Since CPLR 5222 (b) permits restraint of twice this amount, funds in excess of $149,392.28 may be released.